EUGENE D. KLEIN, Appellant, *v.* MARY LONG, Respondent.

*Contract — pleading an agreement to pay for goods to be sold to another on credit.*

A complaint which alleges " that on or about the 15th day of November, 1895, in consideration that the plaintiff, at the request of the defendant, would sell to one John T. White, on credit, such goods as said John T. White should desire to buy of this plaintiff, the defendant promised in writing to be answerable to the plaintiff for the payment by said John T. White of the price of goods sold and delivered to said John T. White, within six months of said day, on credit, to an amount not exceeding a total credit of five hundred (500) dollars," and further that the plaintiff on the faith of said guaranty sold and delivered to said John T. White merchandise of the value of $500 on a credit which has expired, states a good cause of action.

APPEAL by the plaintiff, Eugene D. Klein, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 20th day of January, 1897, upon the dismissal of her complaint upon the opening directed by the court after a trial before the court and a jury.

Paragraph 1 of the complaint, mentioned in the opinion of the court, was as follows;

"That on or about the 15th day of November, 1895, in consideration that the plaintiff, at the request of the defendant, would sell to one John T. White, on credit, such goods as said John T. White should desire to buy of this plaintiff, the defendant promised in writing to be answerable to the plaintiff for the payment by said John T. White of the price of goods sold and delivered to said John T. White, within six months of said day, on credit, to an amount not exceeding a total credit of five hundred (500) dollars."

The complaint further alleged that the plaintiff, on the faith of said guaranty, sold and delivered to the said John T. White, merchandise of the value of $500 on credit which had expired, and which sum was then due therefor from the said John T. White, and that the plaintiff had duly performed all the conditions of said guaranty on its part, and demanded judgment against the defendant for the amount of said credit.

*William Bondy*, for the appellant.

*Francis J. Moissen*, for the respondent.

INGRAHAM, J.:

This action came on for trial at a Trial Term before a jury. The counsel for the defendant, before any evidence was introduced, moved to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action, in that it did not allege a request by the defendant for the sale of the goods. The court held that the promise alleged in the complaint was an original undertaking — not a guaranty — and that, as it was not alleged that the defendant ever requested any sale of the goods to recover the price of which the action is brought, no cause of action was alleged, and the complaint was, therefore, dismissed.

If the promise alleged in the complaint upon which the plaintiff's cause of action is based alleges a promise to pay to the plaintiff a sum of money, and the condition upon which that promise became operative as binding upon the defendant is alleged to have been performed by the plaintiff, whereby, under the terms of the promise, an obligation exists in favor of the plaintiff for the receipt by him of a sum of money, a good cause of action is alleged. To sustain this judgment it must appear that the complaint alleges no cause of action against the defendant. The promise of the defendant upon which the action is based is alleged in the 1st paragraph of the complaint; and I think the error of the court below arose from the fact that a condition which is alleged as part of the consideration for the promise is imported into and made a part of the promise itself. This paragraph of the complaint contains, first, an allegation of the consideration upon which the defendant's promise was based, and then, an allegation of that promise. The complaint alleges that on the 15th of November, 1895, "in consideration" that the plaintiff would do certain things, the defendant promised in writing to be answerable to the plaintiff for the payment by one John T. White for the price of goods sold and delivered to said White within six months of said day, on credit, to an amount not exceeding a total credit of $500. What the consideration for the defendant's promise to the plaintiff was is not material so long as it is a valid consideration and sufficient to sustain the defendant's promise.

The allegation upon which the liability of the defendant is founded is the promise that is distinctly alleged to be a promise to be answerable to the plaintiff for the payment by White of the price of goods sold and delivered to White within six months from the date of the promise. It is a little difficult to understand just what the pleader meant by the recital of the consideration for this promise. At any rate, this allegation of a consideration is sufficient to sustain a promise based thereon. It is sufficient upon this appeal to hold that a valid promise by the defendant to be responsible for the payment of the goods sold and delivered by the plaintiff to the defendant within the period mentioned, in reliance upon which promise the plaintiff did sell and deliver to the defendant certain goods for which the defendant has failed to pay, constitutes a good cause of action upon demurrer.

We think the complaint was clearly sufficient, and that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, P. J., RUMSEY and PATTERSON, JJ., concurred; O'BRIEN, J., concurred in result.

Judgment reversed, new trial ordered, costs to appellant to abide event.